**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

PAMELA ALLEN YOUNG                                              PLAINTIFF

VERSUS                              CIVIL ACTION NO: 5:09-cv-143-DCB-JMR

WALGREEN COMPANY                                                DEFENDANT

_____

PAMELA ALLEN YOUNG,
ON BEHALF OF HER MINOR CHILD, D.A.                              PLAINTIFF

VERSUS                              CIVIL ACTION NO: 5:09-cv-144-DCB-JMR

WALGREEN COMPANY                                                DEFENDANT

**ORDER OF CONSOLIDATION**

This cause comes before the Court on the defendant's Motions to Consolidate [docket entry no. 6 in 5:09-cv-143] and [docket entry no. 7 in 5:09-cv-144]. Having carefully considered said Motions in light of all applicable law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

On July 28, 2009, Pamela Allen Young ("plaintiff") commenced the above-styled actions in the Circuit Court of Warren County, Mississippi, against Walgreen Company ("defendant"). In both complaints, the plaintiff alleges that she was denied service by the defendant on account of her race (African-American), and she suffered verbal abuse from a pharmacist employed by the defendant. In the first complaint, the plaintiff asserts claims of intentional infliction of emotional distress, negligent infliction of emotional distress, racial discrimination in violation of 42 U.S.C. § 1981, negligent failure to train, negligent failure to supervise,

negligent hiring, and negligent retention.  The second complaint, filed by the plaintiff on behalf of her minor child, is identical to the first complaint except for the omission of the racial discrimination claim.

In the instant motions, the defendant seeks to have the actions consolidated.  The defendant argues that both suits arise from a common nucleus of operative facts and have identical legal issues, except for the racial discrimination claim. Consolidation of two cases "in a district court is proper when the cases involve common questions of law and fact, and the district judge finds that it would avoid unnecessary costs or delay."   St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc., 712 F.2d 978, 989 (5th Cir. 1983); Fed. R. Civ. Pro. 42.  The district court's decision to consolidate is "purely discretionary." Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 961 F.2d 1148, 1161 (5th Cir. 1992)(citing St. Bernard, 712 F.2d at 989)).  "The fact that a defendant may be involved in one case and not the other is not sufficient to avoid consolidation."  St. Bernard, 712 F.2d at 989.

In deciding if consolidation is appropriate, the district court should consider "(1) whether the actions are pending before the same court, (2) whether common parties are involved in the cases, (3) whether there are common questions of law and/or fact, (4) whether there is risk of prejudice or confusion if the cases

are consolidated, and if so, is the risk outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately, and (5) whether consolidation will conserve judicial resources and reduce the time and cost of trying the cases separately." In re Enron Corp. Securities, Derivative & "Erisa" Litigation, 2007 WL 446051, *1 (S.D. Tex. 2007)(citations omitted). In the instant case, all of these factors favor consolidation. Both actions are pending before this Court, the parties are the same, there are common questions of law and the facts are identical, no risk of prejudice or confusion exists if the cases are tried together, and consolidation will conserve judicial resources and reduce the time and cost of trying the cases separately. Inasmuch as the plaintiff has not opposed consolidation and all of the factors considered herein favor consolidation, the Court finds that the defendant's motions are well-taken.

Accordingly,

**IT IS HEREBY ORDERED** that Pamela Allen Young v. Walgreen Company, civil action no. 5:09-cv-143-DCB-JMR and Pamela Allen Young, On Behalf of Her Minor Child, D.A., civil action no. 5:09-cv-144-DCB-JMR be consolidated into one action hereafter known as Pamela Allen Young, and Pamela Allen Young On Behalf of Her Minor Child, D.A. v. Walgreen Company, civil action no. 5:09-cv-143.

**SO ORDERED** this the 3rd day of May 2010.

                                        s/ David Bramlette
                                   **UNITED STATES DISTRICT COURT**